# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BILLY ALBERT HATFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-1820-RWS |
| | ) | |
| MISSOURI DEPARTMENT OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Billy Hatfield (registration no. 1129862), an inmate at Tipton Correctional Center, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.07. See 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $5.35, and an average monthly balance of $0.48. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.07, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, an inmate at the Tipton Correctional Center ("TCC"), brings this action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations that took place at the Northeast Correctional Center ("NCC"), the Farmington Correctional Center ("FCC"), and the TCC over

the past five years. Named as defendants are the Missouri Department of Corrections; Corizon, Inc.; Unknown Cabrera (Medical Doctor at NCC); Unknown Wudell (Medical Doctor at FCC); Unknown Hardman (Medical Director at TCC);[1] and Jane Doe Nurses.

Plaintiff alleges that, while incarcerated in NCC, he experienced extreme back pain which defendant Cabrera only treated with over-the-counter medication. Plaintiff alleges that neither defendant Cabrera, nor the nursing staff, despite being aware of his condition, prescribed any sort of physical therapy or provided him with a medical lay-in so that he could stop working.

According to plaintiff, he was transferred to FCC in August 2010, and there experienced the same back pain but was similarly denied treatment or relief by defendant Wudell. Plaintiff notes that he was not disabled and that, although he probably should not have, he did exercise. However, he asserts that the exercise seemed to alleviate the pain. Plaintiff claims that he collapsed in April 2011 and was taken to the infirmary where he was injected with a steroid in his lower back. According to plaintiff, an MRI was performed and he was diagnosed with degenerate disc disease spondylosis and stenosis of the spine.

Plaintiff asserts that a doctor in Jefferson City performed a surgery in May 2011. According to plaintiff, he now suffers from permanent motor skills weakness and nerve problems.

Plaintiff is suing defendants in both their individual and official capacities.

## Discussion

The Court will dismiss plaintiff's official capacity claims against defendants and will dismiss the claims against the Missouri Department of Corrections. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. To the extent that the defendants are employed by the State of Missouri,

---

[1] The Court herein grants plaintiff's motion to amend his complaint by adding Unknown Hardman as a defendant. [ECF no. 7].

the official capacity claims must fail. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." Id. Further, an agency exercising state power is not a "person" subject to a suit under § 1983. E.g., Barket, Levy & Fine, Inc. V. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991). As a result, the complaint fails to state a claim upon which relief can be granted against the employees of the State of Missouri in their official capacities or the Missouri Department of Corrections.

In order to state a claim against defendant Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. Sanders v. Sears Roebuck & Co., 984 F.2d 972, 95-76 (8th Cir. 1993). Plaintiff has not alleged that there was a policy, custom or official action that caused his injury and, thus, has failed to state a claim against defendant Corizon.

In general, fictitious parties may not be named as defendants in a civil action. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985). In this case, there is no information about the specific Jane Doe nurses that might lead to their identity after reasonable discovery. Rather, plaintiff broadly asserts that he is bringing this action against "the nurses at all three of these institutions." Therefore, the Jane Doe nurses must be dismissed.

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Camberos v. Branstad, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. Estelle, 429 U.S. at 106. In order

to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).

Here, plaintiff alleges that defendants Cabrera, Wudell, and Hardman were aware of his serious medical needs, which ultimately proved to be degenerate disc disease spondylosis and stenosis of the spine, and that he now suffers from permanent motor skills weakness and nerve problems as a result of their deliberate indifference. These allegations are sufficient to survive review under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.07 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend his complaint by adding Unknown Hardman as a defendant [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Unknown Cabrera, Unknown Wudell, and Unknown

Hardman, in their individual capacities. These defendants shall be served according to the waiver agreement the Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Cabrera, Wudell, and Hardman shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to defendants the Missouri Department of Corrections, Corizon, and Jane Doe nurses because, as to these defendants, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants in their official capacity are subject to dismissal because these claims are legally frivolous or fail to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 18th day of November, 2014.

                                                                RODNEY W. SIPPEL
                                                                UNITED STATES DISTRICT JUDGE